NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2137

_____

RENEE KILLEBREW,
Appellant

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-01415)
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 16, 2018

Before: AMBRO, RESTREPO, and FUENTES, Circuit Judges

(Opinion filed: January 24, 2018)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

       Renee Killebrew, a former employee of J.P. Morgan Chase Bank, N.A. ("Chase")

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and diagnosed with multiple sclerosis, purchased a group long term disability insurance policy issued by The Prudential Insurance Company of America ("Prudential"). She appeals the District Court's grant of summary judgment in favor of Prudential and denial of her summary judgment motion in connection with her claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). Killebrew argues the Court erred in applying an abuse-of-discretion standard, rather than *de novo* review, to Prudential's determination she was not disabled and thus did not qualify for benefits, and Prudential acted arbitrarily and capriciously in handling her claim and rendering its decision.[1]

We have jurisdiction over final orders of the District Court under 28 U.S.C. § 1291. We review *de novo* both its determination of the proper standard of review and its grant of summary judgment. *See Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011); *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002). Summary judgment is proper if, viewing the record in the light most favorable to Killebrew, there is no genuine issue of material fact and Prudential is entitled to judgment as a matter of law. *Fakete*, 308 F.3d at 337; Fed. R. Civ. P. 56(a).

The District Court correctly found the denial of benefits in this case should be reviewed for an abuse of discretion. This standard is appropriate where the benefit plan gives the plan's administrator discretion to determine eligibility for benefits. *See Viera*, 642 F.3d at 413. Here, as explained by the District Court, the Health & Income Protection Program for J.P. Morgan Chase Bank and Certain Affiliated Companies (the

---

[1] Killebrew also argues she met her burden to establish a disability. We do not reach this issue because we review Prudential's decision that she did not meet her burden for abuse of discretion.

2

"wrap document") constitutes the terms of the plan and gives that discretion to Prudential. Accordingly, we affirm this part of the grant of summary judgment to it. Thus our review of Prudential's denial of benefits is limited to whether its decision was arbitrary and capricious, weighing both structural and procedural factors. *Id.*; *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 845 (3d Cir. 2011).

The parties do not contest the District Court's finding that there is a structural conflict of interest because Prudential both determines eligibility and pays disability benefits. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008). Hence, we turn to the procedural factors. The parties do not contest the District Court's holding with respect to three factors: (1) Prudential did not disregard opinions on which it previously relied in its termination decision; (2) the award of Social Security disability benefits weighs slightly in favor of finding Prudential acted arbitrarily and capriciously; and (3) Prudential made a reasonable inquiry into Killebrew's ability to perform any gainful occupation. We do not reach a number of procedural factors Killebrew cursorily raises on appeal but without explanation. These include Prudential's failure to conduct a functional capacity test or neuropsychological test, its failure to communicate with her treating neurologist or the independent neurologist, and its imposition of a financial burden on her.[2]

---

[2] Killebrew raises some procedural factors on appeal not specifically addressed by the District Court. However, these factors—Prudential's lack of personal communication with her to discuss her condition and failure to consider her personal statement—are both contrary to the record. *See* J.A. at 1574–80, 1690–1703, 1919–24, 1957–63, 1966.

In light of the genuine factual dispute over whether there is evidence to support limitations from Killebrew's complaints of fatigue and pain, we vacate in part and remand to the District Court to determine three procedural factors: whether it was arbitrary and capricious for Prudential (1) to decide not to conduct an independent medical evaluation, (2) to rely on its medical experts' conclusions that were contrary to Killebrew's treating physicians' opinions, and (3) to reject her complaints of fatigue and pain.

Prudential based its benefits eligibility decision in part on its findings of "no evidence" to support limitations from her subjective complaints. J.A. at 1923. We apply the abuse-of-discretion standard to Prudential's findings of fact, to which we must defer when they are supported by "substantial evidence" (that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion). *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 121 (3d Cir. 2012) (citation omitted).

The problem is that these findings are not supported by substantial evidence in the record. *Id.* Though Killebrew was not referred to pain management and was not prescribed narcotic pain medication, her medical records indicate she was prescribed a number of chronic pain medications, including Neurontin, Lyrica, and Cymbalta. J.A. at 1616–18; 1740. Given her multiple chronic pain medication prescriptions, a reasonable mind could not accept the absence of pain management and narcotic pain medication as adequate to support the conclusion there is "no evidence" to support limitations from Killebrew's complaint of pain.

4

We also cannot say the lack of clinical evidence adequately supports Prudential's finding of "no evidence" to support limitations from Killebrew's complaint of fatigue, given the undisputed subjective nature of fatigue and Prudential's failure to explain to the Court what would constitute clinical evidence of it. Although Prudential contends there is no objective evidence of fatigue because Killebrew's complaints of muscle spasms were not documented at any encounter and she was not being treated for spasticity, it does not explain that muscle spasms are objective evidence of fatigue, and it evaluated Killebrew's complaint of spasms separately from her complaint of fatigue. J.A. at 1700, 2023. Because we decide not to afford deference to Prudential's findings of "no evidence" to support any limitations from Killebrew's complaints of pain and fatigue, we hold there is a genuine issue of material fact whether there is evidence of limitations from pain and fatigue.

The District Court's factual findings on whether there is evidence to support limitations from Killebrew's complaints of fatigue and pain should inform its analysis of the three procedural factors we remand to the Court. Though it correctly held Prudential was not required by law to conduct an independent medical examination, and a number of multiple sclerosis symptoms are verifiable by objective tests, Prudential has not argued how Killebrew's fatigue and pain may be established by objective testing. As such, its discretionary decision to forgo an independent medical evaluation may have been arbitrary and capricious if there is evidence to support limitations based on those complaints. The Court's factual findings will similarly inform its decision on whether Prudential acted arbitrarily and capriciously by relying on its medical experts'

5

conclusions that conflicted with Killebrew's treating physicians' opinions and by rejecting her subjective complaints on the matter.

Thus we vacate and remand in part the District Court's grant of summary judgment to Prudential and affirm the Court's denial of Killebrew's summary judgment motion.